# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Hayden M. Richards, | Civil No. 10cv4128 ADM/JJK |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Eric Holder, et al., | |
| Respondent. | |

Hayden M. Richards, #191235m Minnesota Correctional Facility-Rush City, 7600 525th Street, Rush City, MN 55069, *pro se*.

Lonnie F. Bryan and Gregory G. Brooker, Assistant United States Attorneys, counsel for Respondents Eric Holder, Janet Napolitano, and Scott Banicek.

Ricardo Figueroa and Matthew Frank, Minnesota Attorney General's Office, Suite 1800, 445 Minnesota Street, St. Paul, MN 55101, counsel for Respondent Cal Ludeman.

Krista Jean Guinn Fink and Brent D. Wartner, Minnesota Department of Corrections, 1450 Energy Park Drive, Suite 200, St. Paul, MN 55108, counsel for Respondent Joan Fabian.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the Court on a Petition of Hayden M. Richards for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. Respondents have answered the Petition. For the

reasons discussed below, this Court recommends that Petitioner's Petition for Habeas Corpus relief be denied, and this action be dismissed with prejudice.

I.     HABEAS CLAIM

Petitioner is a state prisoner at Minnesota Correctional Facility-Rush City.[1] He is serving a sentence imposed in 1997 for state charges including kidnapping, criminal sexual conduct, and illegal drug possession. He is due to be released on February 13, 2011. He is a native and citizen of the Republic of Trinidad and Tobago who was ordered removed from the United States on May 10, 1999. After Petitioner went into state custody, the United States Immigration and Naturalization Service issued a detainer to the Minnesota Department of Corrections ("MDOC") indicating that Petitioner is a deportable alien and that the immigration authorities must be notified at least 30 days prior to Petitioner's release.

Petitioner initially served about nine years of sentence in Minnesota prison and was released on intensive supervised release on February 13, 2006. He was civilly committed on August 3, 2006 as a sexually dangerous person and

---

[1] A petition for writ of habeas corpus under § 2254 challenges the fact or duration of the prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). While Petitioner has raised his claims as a petition for habeas corpus under 28 U.S.C. § 2241, they are more appropriate as a challenge to his confinement under § 2254, because he is incarcerated as a state prisoner pursuant to a judgment of the state court. *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) ("A person in custody pursuant to the judgment of a State court can only obtain habeas relief through § 2254, no matter how his pleadings are styled"). Therefore, to expedite this matter, the Court will consider the Petition as one brought under § 2254.

sexually psychopathic personality. Petitioner first filed a Petition for Habeas Corpus in this Court on May 26, 2009 while he was in civil commitment. *See Richards v. Ludeman*, Civ. No. 09-1218 (JMR/SRN), slip op. 2 (D. Minn. Nov. 16, 2009). There, he alleged that the state courts lacked jurisdiction to civilly commit him because he was subject to a deportation order by the U.S. Department of Homeland Security. *Id*. He also moved to stay MDOC revocation proceedings through an injunction. *Id*. The district court denied the petition as untimely and denied the injunction as moot. *Id*.

During this period of time that Petitioner was in the Minnesota Sex Offender Program in civil commitment at Moose Lake, he was subject to the terms of his supervised release. On September 1, 2009, a hearing officer determined that Petitioner violated his terms of release and Petitioner was returned to Minnesota state prison to serve the remainder of his sentence. After this return to incarceration, another detainer was issued by the ICE. In addition, MDOC has also received another detainer from Ramsey County for civil commitment of Petitioner as a sexually psychopathic personality and a sexually "dangerous person."

In this next habeas petition, Petitioner claims that since he is a removable alien subject to an ICE detainer the MDOC has no authority to continue to keep him in custody for the remainder of his sentence. He demands that he be released from state custody. According to the state Respondents, Petitioner will

3

be "transferred to his Ramsey County civil commitment and ICE detainers" when his sentence expires on February 13, 2011.

## II.	THE PETITION FAILS ON THE MERITS

Petitioner is serving an executed criminal sentence until discharge on February 13, 2011, under the authority of the State of Minnesota.  There is no federal statutory or constitutional basis for Petitioner's claim that he must be removed from the United States before the execution of his state sentence.  When an alien who is ordered removed is detained or confined, the removal period does not begin until the date the alien is released from detention or confinement.  8 U.S.C. § 1231(a)(1)(B)(iii).  The Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment.  8 U.S.C. § 1231(a)(4)(A).  The petitioner has no right to release for deportation while he is imprisoned pursuant to a valid state court judgment.  Furthermore, no due process rights are implicated by the failure to expeditiously remove an alien who has been issued a final order of deportation during the time that he remains in state custody.  *See Cepeda v. INS.*, 273 F. Supp. 2d 222, 223 (E.D.N.Y. 2003).  And a petitioner has no private right of action against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.  8 U.S.C. § 1231(a)(4)(D); *U.S. v. Maimaje*, 930 F.Supp. 1331 (D. Minn. 1996) (there is no right to deportation, and the district court lacks jurisdiction over administrative decisions); *Lynch v. United States*, 2009 WL 2045382 at *1 (E.D.N.Y. July 8,

4

2009) (Attorney general, not district court, has discretion to grant relief sought by petitioner who filed habeas corpus petition for immediate deportation, and petitioner had no private right of action to compel attorney general or court to remove petitioner).  Thus, Petitioner's claim fails on the merits and should be dismissed.  In the alternative, there are several other reasons why dismissal is required, as set forth below.

## III.     PETITIONER IS NOT IN FEDERAL CUSTODY.

Petitioner claims that he is in custody of ICE because an order of removal was entered.  But he is not in the custody of ICE.  Instead, he is in the custody of the state serving a sentence for committing a state crime.  Only after that sentence is completed will he come into federal custody.  Although ICE filed a detainer with state prison authorities, a detainer merely requests that the state tell ICE when Petitioner is about to be released.  Neither an order of removal nor a detainer, separately or combined, places Petitioner in federal custody.

The instant detainer expressly provides that it is "for notification purposes only and does not limit [the BOP's] discretion in any decision affecting [Richard's] classification, work, and quarters assignment or other treatment which he would otherwise receive."  (Doc. No. 17, Ex. in Supp. of Resp. to Habeas Pet., Att. 2 p. 12 of 13.)  This notification is consistent with 8 C.F.R § 287.7(a), which explains the purpose of an INS detainer:

> A detainer serves to advise another law enforcement
> agency that the Service seeks custody of an alien
> presently in the custody of that agency, for the purpose

5

> of arresting and removing the alien. The detainer is a request that such agency advise the Service, prior to release of the alien, in order for the Service to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

8 C.F.R. § 287.7(a).

The Eighth Circuit Court of Appeals held that the filing of a detainer with a prison does not amount to the INS taking actual or constructive custody of the inmate:

> The detainer, . . ., does not purport to effect [Petitioner's] status as a sentenced federal offender, but merely notifies prison officials that a decision regarding his deportation will be made by the INS at some future date. The filing of such a document is insufficient, we believe, to alter [Petitioner's] status as a custodial detainee of the federal prison system. [Petitioner] may not challenge the detainer by way of habeas corpus until he is placed in the custody of the INS, an event which will not occur until [he] is released from his present term of confinement.

*Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988); s*ee also Bahena Escobar v. Holder*, 2010 WL 1389608 *3 (D. Minn. March 9, 2010).

Since he is not in federal custody at this time, Petitioner has no habeas claim he can bring against the federal Defendants.

### IV. PETITIONER FAILED TO OBTAIN THE PERMISSION TO FILE A SECOND OR SUCCESSIVE HABEAS PETITION.

In his prior application under § 2254, Richards alleged that the State lacked jurisdiction to civilly commit him because he was subject to a deportation order by the U.S. Department of Homeland Security. *See Richards v. Ludeman*,

Civ. No. 09-1218 (JMR/SRN), slip op. 2 (D. Minn. Nov. 16, 2009). Here, he challenges his continued detention by the MDOC on the basis that he must be removed pursuant to a deportation order. Before a second or successive application for habeas corpus such as this one is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). The petitioner has not shown that he has permission from the Eighth Circuit Court of Appeals to file a second habeas corpus action challenging the same issues raised in his prior habeas corpus petition.

V.   **CONCLUSION**

For the reasons stated above, this Court concludes that the habeas petition is meritless and should be dismissed with prejudice. This Court also observes that Petitioner did not file this Petition until October 4, 2010, just four months before the end of his sentence, even though he has been in state prison since the revocation of his parole on September 1, 2009, and subject to the order of removal and the detainers lodged by the immigration authorities. As a practical matter, Petitioner will in short order be released from state prison to the custody of ICE for removal from the United States, or alternatively, released to civil commitment, making this action moot if it is not dismissed before that.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition (Doc. No. 1), be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.

Dated: February 3, 2011

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 17, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within 14 days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.