UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hayden M. Richards,

        Petitioner,

        v.

Eric Holder, Attorney General;
Janet Napolitano, Secretary of the
Dept. of Homeland Security;
Scott Banicek, U.S. ICE Field Office Director;
Lucinda Jesson, MN Commissioner
of Human Services;
Thomas Roy, MN Commissioner of Corrections;

        Respondents.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Civil No. 10-4128 ADM/JJK

_____

Hayden M. Richards, pro se.

Lonnie F. Bryan, Esq., and Gregory G. Brooker, Esq., Assistant United States Attorneys, Minneapolis, Minnesota, counsel for Respondents Eric Holder, Janet Napolitano, and Scott Banicek.

Ricardo Figueroa, Esq., and Matthew Frank, Esq., Minnesota Attorney General's Office, St. Paul, MN, counsel for Respondent Lucinda Jesson.

Krista Jean Guinn Fink, Esq., and Brent D. Wartner, Esq., Minnesota Department of Corrections, St. Paul, MN, counsel for Respondent Thomas Roy.

_____

        This matter is before the undersigned United States District Judge for a ruling on Petitioner Hayden M. Richards' ("Petitioner's") Objections ("Objections") [Docket No. 20] to Magistrate Judge Jeffrey J. Keyes' February 4, 2011 Report and Recommendation ("R&R") [Docket No. 19]. Judge Keyes recommended that the petition for habeas corpus be denied, and that this action be dismissed with prejudice. Petitioner timely objected and the United States responded to the Objections. For the following reasons, the Court adopts the R&R.

## I. BACKGROUND

Petitioner, a citizen of the Republic of Trinidad and Tobago, was convicted in Minnesota state court in 1997 on charges of kidnapping, criminal sexual conduct, and possession of illegal drugs. After he began serving his sentence of imprisonment with the Minnesota Department of Corrections ("MDOC"), the United States Immigration and Naturalization Service ("INS") issued a final order for his removal from the United States, as well as a detainer requiring MDOC to notify INS at least 30 days before Petitioner's release. INS was subsequently made part of the Department of Homeland Security and was renamed the Bureau of Immigration and Customs Enforcement ("ICE").

Petitioner was released in 2006, and was thereafter civilly committed by the State of Minnesota as a sexually dangerous person and sexually psychopathic personality. Petitioner challenged the State's authority to civilly commit him when he was subject to deportation; the civil commitment was affirmed on appeal. In re Civil Commitment of Richards, 738 N.W.2d 397, 399 (Minn. Ct. App. 2007).

In May 2009, Petitioner sought relief under 28 U.S.C. § 2254 in federal court, again challenging the State of Minnesota's authority to civilly commit him while he was subject to deportation. See Richards v. Ludeman, Civ. No. 09-1218 (JMR/SRN). The petition was denied as untimely. In September 2009, after a supervision violation, Petitioner was returned to prison to serve the remaining portion of his sentence. This time Petitioner was the subject of two detainers: an immigration detainer from ICE; and civil commitment detainer from Ramsey County.

On October 4, 2010, while in MDOC custody, Petitioner filed the instant petition under 28 U.S.C. § 2241, naming as respondents the United States Attorney General, the Secretary of the Department of Homeland Security, and the Director of the ICE regional field office

(collectively, the "federal Respondents"), as well as the Commissioner of the Minnesota Department of Human Services, and the Commissioner of the MDOC (collectively, the "Minnesota Respondents").[1]  All Respondents answered the Petition.  On February 13, 2011, before the deadline to object to the R&R expired, Petitioner completed his criminal sentence.  Petitioner was released from prison and returned to civil commitment, where he is currently confined.[2]

## II.  DISCUSSION

Petitioner challenges his confinement by the State of Minnesota.  Petitioner claims the federal Respondents are violating his constitutional rights by refusing to deport him, and the Minnesota Respondents are violating his constitutional rights by refusing to release him so he can be deported.   For the following reasons, the R&R is adopted.

### A.     Petition Not Properly Brought Under § 2241

Petitioner brings this action under 28 U.S.C. § 2241.  This Court has subject matter jurisdiction only if Petitioner was in federal custody at the time the petition was filed.  See 28 U.S.C. § 2241(c); Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004).  Because Petitioner is not and has never been in federal custody, the writ must be dismissed.

Petitioner argues he was in federal custody at the time he filed the petition because he was subject to a federal immigration detainer and a final order of removal.  However, it has been settled law in the Eighth Circuit for over twenty years that an immigration detainer filed with

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Lucinda Jesson is substituted for Cal Ludeman; Thomas Roy is substituted for Joan Fabian.

[2] Letter of AUSA Lonnie Bryan dated March 28, 2011 [Docket No. 23].  For the purpose of establishing subject matter jurisdiction, the Court considers Petitioner's custody as of the time the petition was filed.  See Lopez v. Heinauer, 332 F.3d 507, 510 (8th Cir. 2003).

state prison authorities is not equivalent to federal custody for habeas corpus purposes. Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988); see also Perez-Ramirez v. Lindemann, 20 Fed. Appx. 568, 568 (8th Cir. 2001) (unpublished, per curiam); Bahena Escobar v. Holder, 2010 WL 1389606, *2 (Civ. No. 09-3717) (D. Minn., March 31, 2010).

There is, to be sure, a split of appellate authority on this point, as Petitioner points out in his Objection. Compare Campillo, 853 F.2d at 595, and Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538, 541 (5th Cir. 2003), with Simmonds v. I.N.S., 326 F.3d 351, 354 (2d Cir. 2003) (final order of removal is "custody" for purpose of allowing review of that order); Aguilera v. Kirkpatrick, 241 F.3d 1286, 1291 (10th Cir. 2001) (same); Mustata v. U.S. Dep't of Justice, 179 F.3d 1017, 1021 n.4 (6th Cir. 1999) (same); and Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir. 1995) (same). However, this Court is obligated to follow the binding precedent of the Eighth Circuit Court of Appeals. Petitioner acknowledges he has never been in the physical custody of INS or ICE. He may be subject to a final order of removal and an immigration detainer, but the Eighth Circuit has not found these to constitute federal custody for habeas purposes.

Alternatively, Petitioner argues physical custody is not necessary, relying on the Supreme Court's statement that "our understanding of custody has broadened to include restraints short of physical confinement." Rumsfeld, 542 U.S. at 437. It is true that those challenging collateral consequences of a federal conviction may be able to do so through § 2241. See id. at 437 n.10 (collecting cases). However, Petitioner is not challenging collateral consequences of confinement; he is challenging the confinement itself. In cases where habeas is used to challenge confinement, the proper respondent is the party which holds the petitioner in immediate physical custody. Id. at 439. Because the federal Respondents do not have physical custody of Petitioner, they cannot provide the relief he seeks, and the petition must be dismissed.

### B. Petition Considered Under § 2254

Because Petitioner is challenging state, not federal, custody the appropriate remedy is provided by 28 U.S.C. § 2254.  See Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001).  The Court will construe Petitioner's claims against the Minnesota Respondents as if the claims had been brought under § 2254.  See id.

Petitioner has already brought one § 2254 claim challenging his confinement for the same reasons he raises in the instant petition; accordingly, the instant petition should be considered a second or successive petition.  A district court cannot take jurisdiction of a second or successive application under § 2254 unless the petitioner first obtains permission from the Court of Appeals.  28 U.S.C. § 2244(b)(3)(A); Cox v. Norris, 167 F.3d 1211, 1211 (8th Cir. 1999).  Petitioner has not done so, and for this reason, the petition must be dismissed.

### C. Petition Would Fail on the Merits

Even if the Court reached the merits of the petition, it would find the petition fails to state a claim upon which relief can be granted.  As already noted, Petitioner argues the United States has a duty to deport him promptly, and the State of Minnesota has a duty to release him so he can be deported.[3]

Petitioner is mistaken.  While Petitioner served his Minnesota criminal sentence, the federal Respondents had no authority to remove him from the United States.  8 U.S.C. § 1231(a)(1)(B)(iii), (a)(4)(A).  Now that Petitioner has been released to civil commitment, even

---

[3] The Court concludes that Petitioner's release from prison to civil commitment has no effect on the analysis.  Petitioner is not challenging the merits of his state criminal sentence or his civil commitment.  Instead, he is challenging the the State of Minnesota's continued authority to hold him in custody while he is subject to a federal order of removal.  Viewed in this light, Petitioner's claims against the MDOC and the Department of Human Services are essentially identical, and both must be rejected for the sound reasons set forth in the R&R.

assuming the United States has the authority to deport him,[4] it cannot be compelled to do so. The statute governing removal from the United States expressly provides no private right of action "against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien."  8 U.S.C. § 1231(a)(4)(D).  There is no right to deportation.  See United States v. Maimaje, 930 F. Supp. 1331, 1332 (D. Minn. 1996). Accordingly, Petitioner's claim is "barred by the plain language of the statute."  Cohen v. Chertoff, 280 Fed. Appx. 611, 612 (9th Cir. 2007) (unpublished); see also Lynch v. United States, 2009 WL 2045382, *1 (Civ. No. 07-829) (E.D.N.Y., July 8, 2009).

Even if it were properly before this Court, the petition would fail on its merits and dismissal would be proper because Petitioner is not entitled to the relief he seeks.  Accordingly, after an independent, *de novo* review of the files, records and proceedings in the above titled matter, the Objections are overruled and the Report and Recommendation is adopted.

**D.  Certificate of Appealability**

The Court next considers whether a Certificate of Appealability should issue.  If the petition had been properly brought under 28 U.S.C. § 2241, no Certificate of Appealability would be required; however, a Certificate is required for actions brought under 28 U.S.C. § 2254.  See 28 U.S.C. § 2253(c)(1)(A).  Because the Court construes the petition as if it had been brought under § 2254, it is appropriate to consider whether a Certificate should issue.

A Certificate of Appealability may be granted only where a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).  To make such a showing, the Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

---

[4] The Court declines to address this issue, which was neither briefed by the parties nor addressed in the R&R.

constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues in this petition differently, or that any of the issues raised in the petition would be debatable among reasonable jurists. Therefore, the Court declines to grant a Certificate of Appealability.

### III. CONCLUSION

For the sound reasons set forth in the Report and Recommendation **IT IS ORDERED** that:

1. The petition [Docket No. 1] is DENIED, and

2. This action is DISMISSED WITH PREJUDICE.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 6, 2011.